Filed 8/15/23  P. v. Weisner CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FRANKIE JAMES WEISNER, <br><br> Defendant and Appellant. | C095039 <br><br> (Super. Ct. No. LODCRFE20170002477) <br><br> OPINION ON TRANSFER |

Defendant Frankie James Weisner pleaded no contest to second degree robbery (Pen. Code § 211) (statutory section citations that follow are to the Penal Code), and grand theft (§ 487, subd. (c)), and admitted he personally used a firearm in the robbery (§ 12022.5, subd. (a)).  After we denied his first request to file his notice of appeal more than sixty days after the original judgment, (*People v. Weisner* (C094382) (Order filed 7/16/2021), defendant brought a motion in the trial court to reduce his conviction on the grand theft count to a misdemeanor pursuant to section 1170.18.  The trial court denied

1

that request. Defendant appealed from that order. His appointed counsel filed a brief raising no issues and requesting that this court conduct a review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. After we struck defendant's brief as improvidently filed, we dismissed the appeal as abandoned in our original opinion filed April 27, 2022.

Defendant petitioned our Supreme Court for review and that court has directed us to reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

After this case was transferred back to us from our Supreme Court, defendant filed a supplemental brief raising three arguments going to the validity of his underlying convictions. Because we conclude none of these arguments are cognizable on appeal, we again affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

The amended complaint in this case charged defendant with two counts of robbery, and criminal threats. (§§ 211, 12022.5, subd. (a), and 422, subd. (a).) It further alleged defendant used a firearm in conjunction with each crime. (§ 12022.5, subd. (a).) At the plea hearing, the second robbery count was amended to grand theft from a person. (§ 487, subd. (c).)

The factual basis for the crimes was set forth in the preliminary hearing transcript. The testimony at this hearing showed defendant was involved in two gas station armed robberies where the robbers took the money from the cash register.

On November 17, 2017, defendant pleaded no contest to the robbery and the grand theft charge, and admitted the gun enhancement. In exchange and on the same date, the trial court sentenced defendant to a stipulated sentence of five years for the robbery, four years for the gun enhancement, and eight months for the grand theft charge.

2

In 2021, defendant filed a motion under section 1170.18 to have the grand theft charge resentenced as a misdemeanor. The trial court denied that motion.

Defendant filed an appeal and we dismissed the appeal as abandoned. (*People v. Weisner* (C095039) opn. filed Apr. 27, 2022, review granted July 13, 2022, S274617, vacated and trans. for reconsideration and no longer citable May 31, 2023.) After our Supreme Court vacated our opinion and transferred the case back to us, we sent defendant a letter to defendant on June 5, 2023, notifying him: (1) counsel had filed a brief indicating counsel had identified no arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief raising any argument he wanted this court to consider. Defendant filed a supplemental brief.

## DISCUSSION

Because the instant appeal is from an order denying postconviction relief rather than a first appeal of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See *Delgadillo, supra,* 14 Cal.5th 216, 221–222; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, he is entitled to appellate consideration of the contentions raised in his supplemental brief. (See *Delgadillo*, at p. 221; *Serrano*, at p. 503.) In his brief, appellant argues that the trial court's order was erroneous because: (1) he was entitled to withdraw his plea because the trial court improperly sentenced him contrary to his original plea agreement; (2) his counsel was ineffective and concealed evidence; and (3) the prosecution refused to disclose exculpatory evidence in the original proceedings.

These arguments are an unauthorized collateral attack on the underlying judgment. Defendant does not provide any authority permitting such a challenge, and we find

3

nothing in section 1170.18 that authorizes such a collateral attack. "[A] judgment becomes final ' "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed." ' [Citations.]" (*People v. Padilla* (2022) 13 Cal.5th 152, 162.) Because defendant's judgment has been final since 2017 (Cal. Rules of Court, rule 8.308(a)), he is barred from raising issues challenging that judgment at this late date. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 [trial court has no jurisdiction to modify or vacate sentence after judgment has been rendered and execution has begun].) Because defendant did not present any arguments that are cognizable in this appeal, we affirm the trial court's order. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record"].)

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


                                                     _____

                                                   HULL, Acting P. J.

We concur:


_____

MAURO, J.


_____

RENNER, J.

4